UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| FARRELL HAYCRAFT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Cause No. 2:12-cv-79-WTL-WGH |
| ) | |
| SUPERINTENDENT WABASH VALLEY ) | |
| CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. ) | |

### ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS

This cause is before the Court on the Petitioner Farrell Haycraft's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Dkt. No. 1). Haycraft's petition is fully briefed, and the Court, being duly advised, **DENIES** the petition for the reasons set forth below. In addition, the court finds that a certificate of appealability should not issue.

Notwithstanding the foregoing, on November 6, 2013, Haycraft filed a document requesting an update on the status of his case. (Dkt. No. 27). This Entry denying Haycraft's petition for writ of habeas corpus will suffice as an update. Additionally, to the extent Haycraft requests a copy of the current docket sheet, his request is **GRANTED**. **The Clerk shall include with the Petitioner's copy of this Entry a copy of the current docket sheet.**

### I.   BACKGROUND

On January 19, 2001, a jury found Haycraft guilty of four counts of child molesting as Class A felonies, one count of child molesting as a Class C felony, two counts of obscenity before a minor, Class D felonies, and one count of contributing to the delinquency of a minor as

---

[1] Haycraft is confined in the Wabash Valley Correctional Facility in Carlisle, Indiana.

a Class A misdemeanor. The evidence supporting these convictions was summarized in Haycraft's direct appeal:

> [D]uring the summer of 2000, twelve-year-old A.M. and his eight-year-old brother, W.M., stayed with Haycraft, their forty-nine year-old grandfather, for extended periods of time. Haycraft lived with his life partner, Bob Sutton ("Sutton"), in Harrison County, Indiana. During the course of the summer, Haycraft inserted his penis and finger in A.M.'s anus, performed oral sex on A.M. and required A.M. to perform oral sex on him, furnished A.M. with alcoholic beverages and allowed A.M. to drive his truck, showed A.M. pornographic movies, and engaged in oral sex with Sutton in front of A.M. and W.M., who was often present during the abuse.
>
> A.M.'s grandmother, Haycraft's ex-wife, suspected that Haycraft was abusing A.M. and reported her suspicions to her daughter, A.M.'s mother. A.M.'s mother contacted Detective Charley Scarber ("Scarber") of the Indiana State Police, and the State filed charges against Haycraft on August 25, 2000. On August 28, 2000, Scarber interviewed Haycraft and obtained a taped confession from him.

*Haycraft v. State*, 760 N.E.2d 203, 207 (Ind. Ct. App. 2001) ("*Haycraft Direct Appeal*"). The trial court sentenced Haycraft to 190 years' imprisonment.

In his direct appeal, Haycraft argued that (1) the prosecutor committed misconduct, (2) the trial court erred in admitting the testimony of W.M., (3) the trial court erred in admitting the testimony of Scarber, (4) his trial counsel was ineffective with regard to his explanation of Haycraft's defense during his opening statement, and (5) Haycraft's 190-year prison sentence was unreasonable. *Haycraft Direct Appeal*, 760 N.E.2d at 207. In the end, the Court of Appeals affirmed Haycraft's convictions, but ordered that his sentence be reduced from 190 years to 150 years. *Id.* at 215. The Indiana Supreme Court denied transfer. *Haycraft v. State*, 774 N.E.2d 514 (Ind. 2002).

Thereafter, on March 23, 2003, Haycraft filed a petition for post-conviction relief with the trial court. During the post-conviction proceedings, he claimed "fundamental error in the admission of evidence, sentencing errors, prosecutorial misconduct, and ineffective assistance of

trial and appellate counsel."[2] *Haycraft v. State*, 957 N.E.2d 218, *1 (Ind. Ct. Ap. 2011) (unpublished opinion) ("*Haycraft PCR*"). The trial court held a hearing on his petition on August 24, 2010. According to Haycaft, he presented no evidence at the hearing because his "prisoner legal assistant had transferred to another facility and as a pro se petitioner, he lacked the legal [savvy] to proceed or to . . . investigate the facts and to subpoena his witnesses." Haycraft's Reply at 3, Dkt. No. 21. The next day, the court issued an order stating, in relevant part:

> 1.      The petitioner presented no evidence.
>
> . . .
>
> 4.      . . . [T]he petitioner claims ineffective assistance of trial and appellate counsel for not continuing to object to "grooming testimony of Scarber" and "testimony of an uncharged molestation charge." The court finds that petitioner did in fact raise the issue of Scarber's testimony in the direct appeal. As a result the issue is foreclosed as a result of res judicata. . . . As to any issue of testimony of an uncharged molestation charge the court finds that issue was known and available, but not raised on direct appeal and is waived. The Court of Appeals also considered the issue of ineffective assistance of trial counsel in the direct appeal and found the claim "must fail," in part, because of petitioner's "confession." Petitioner must raise all issues related to the claim or they are foreclosed.
>
> 5.      Petitioner claims it was ineffective assistance of counsel on appeal for his appellate attorney to raise the claim of ineffective assistance of counsel at trial in the direct appeal because he should have held off on it for the inevitable post conviction relief proceeding. The court finds that it would have been waived since it was known and available and the court concludes that petitioner's claim in this regard must fail. Who knew a post conviction case was inevitable? Is a Writ of Habeas Corpus case inevitable? Is an appeal inevitable? Is it inevitable that no case ever ends?[3]

---

[2] According to Haycraft, he initially argued "his statements to the police were improperly admitted at trial, ineffective assistance of trial and appellate counsel, improper final instructions, improper closing argument, and denial of due process in the jury verdict forms." Haycraft's Reply at 3, Dkt. No. 21. Thereafter, on March 22, 2010, he amended his petition and raised the following grounds: "prosecutorial misconduct in closing argument, ineffective assistance of trial and appellate counsel, fundamental error admitting evidence at trial, and abuse of discretion in sentencing." *Id.*

[3] Haycraft also argued that

3

*Haycraft PCR*, 957 N.E.2d at *2. The trial court ultimately denied Haycraft's petition for post-conviction relief.

Haycraft appealed the trial court's decision to the Indiana Court of Appeals. With regard to Haycraft's claim that trial counsel was ineffective, the court of appeals concluded that Haycraft previously raised the issue of ineffective assistance of counsel in his direct appeal. Thus, he was foreclosed from raising the issue during his post-conviction proceedings on *res judicata* grounds. *Id.* at *3 (citing *Jewell v. State*, 887 N.E.2d 939, 941 (Ind. 2008) ("A criminal defendant claiming ineffective assistance of trial counsel is at liberty to elect whether to raise this claim on direct appeal or in post-conviction proceedings. But if raised on direct appeal, the appellate resolution of the issue acts as *res judicata* and precludes its relitigation in subsequent postconviction relief proceedings."), *Allen v. State,* 749 N.E.2d 1158, 1166 (Ind. 2001) ("It is well-established that if a defendant claims on direct appeal that his trial counsel was ineffective, he may not raise further issues of trial counsel error during post-conviction review.")). In other words, because Haycraft asserted an ineffective assistance of trial counsel claim on direct appeal, he forfeited his ability to raise additional grounds of ineffective assistance of counsel during his post-conviction proceedings. *Id.*

The appellate court also rejected Haycraft's claim that appellate counsel was ineffective. In this regard, the court noted that

---

> appellate counsel was ineffective for failing to raise three additional arguments on direct appeal: 1) the State's admission of evidence concerning prior bad acts and an uncharged crime; 2) that he was denied a fair trial; and, 3) that trial counsel was also ineffective for failing to object to a child's testimony on the grounds of competency.

*Haycraft PCR*, 957 N.E.2d at *3. Haycraft further claimed that appellate counsel failed "to challenge certain aggravating circumstances on direct appeal." *Id.* at *4.

4

> Haycraft did not seek to admit any of the trial record or the brief from his direct appeal into evidence during the post-conviction hearing and did not call either his trial or appellate counsel as witnesses. To establish that appellate counsel's performance fell below an objective standard of reasonableness, Haycraft was required to present evidence that appellate counsel failed to present a significant and obvious issue, and that such failure cannot be explained by any reasonable strategy. . . . [B]ecause neither counsel testified at the hearing, the post-conviction court may properly infer that trial and appellate counsel would not have corroborated Haycraft's claims. . . .
>
> [Additionally, a]ppellate counsel successfully argued that Haycraft's sentence was manifestly unreasonable. It is probable that appellate counsel chose to make only this argument as a matter of appellate strategy. For all of these reasons, we concluded that Haycraft failed to establish that his appellate counsel was ineffective.

*Haycraft PCR*, 957 N.E.2d at *4. Once again, the Indiana Supreme Court denied transfer. *Haycraft v. State*, 957 N.E.2d 1122 (Ind. 2012).

With his state appeals exhausted, Haycraft now seeks to contest his convictions and sentence under 28 U.S.C. § 2254.

## II.     STANDARD

A federal court may issue a writ of habeas corpus for a person in state custody if it finds the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996, "a federal court may grant habeas relief only if the state court's adjudication of the petitioner's constitutional claims was based on unreasonable fact-finding or was contrary to, or involved an unreasonable application of, clearly established federal law." *Starkweather v. Smith*, 574 F.3d 399, 402 (7th Cir. 2009) (citing 28 U.S.C. § 2254(d)).

## III.    DISCUSSION

Haycraft argues that he is being held in violation of federal law because (1) the trial court abused its discretion when it failed to declare a mistrial during his trial, (2) he received

5

ineffective assistance of trial counsel, and (3) he received ineffective assistance of appellate counsel. Each of Haycraft's arguments is discussed below.

### A. Trial Court Abuse of Discretion

According to Haycraft, "the jury's original verdict found Petitioner guilty and not guilty. The Court ordered the jury to return with a proper verdict and after re-deliberating the Petitioner was found guilty. . . . [S]uch a finding by the jury should have been considered either a hung jury or a [mistrial]." Haycraft's Third Claim to Pet. at 2, Dkt. No. 12. The Government, however, argues that Haycraft's claim is procedurally defaulted because he failed "to present this claim to any state appellate court, let alone the Indiana Supreme Court." Government's Resp. at 6, Dkt. No. 20. The Court agrees—Haycraft failed to give the Indiana courts a full and fair opportunity to review this claim.

> State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. . . .
>
> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) (citations omitted).

Haycraft admits that he did not exhaust his state remedies on this ground. Rather, Haycraft argues that he was previously unable to raise this issue because "[t]he post-conviction court failed to provide [him] with a transcribed copy of the transcript containing matters regarding the return on the jury's verdict." Haycraft's Third Claim to Pet. at 2. Case law is clear, however, that "state remedies must be exhausted except in unusual circumstances." *Rose v. Lundy*, 455 U.S. 509, 516 (1982). This is not one of those unusual circumstances. Only Haycraft

6

is to blame for failing to obtain a copy of his trial transcript prior to his post-conviction proceedings. Accordingly, the Court will not consider the merits of Haycraft's argument.

### B. Ineffective Assistance of Trial Counsel

Haycraft also argues that he received ineffective assistance of trial counsel because "trial counsel failed to make any objections to the State's introduction of inadmissible evidence of Detective Scarber and by allowing the State to present evidence [about] a prior uncharged molestation allegation against . . . Haycraft." Haycraft's Pet. at 4, Dkt. No. 1. Again, however, Haycraft's claim is procedurally defaulted.

"If a state court did not reach a federal issue because it applied a state procedural rule, the matter is closed to the federal habeas corpus court unless the petitioner can show both cause and prejudice." *Smith v. Gaetz*, 565 F.3d 346, 351 (7th Cir. 2009).

As noted above, Haycraft argued during his direct appeal that trial counsel was ineffective during his opening statement. The Indiana Court of Appeals concluded that counsel was not ineffective in this respect. Thereafter, Haycraft argued in his petition for post-conviction relief that trial counsel was ineffective for not objecting to the "grooming testimony of Scarber" and "testimony of an uncharged molestation charge." *Haycraft PCR*, 957 N.E.2d at *2. However, both the trial court and the Indiana Court of Appeals declined to review the merits of Haycraft's revised ineffective assistance of counsel claims, because he previously argued ineffective assistance of counsel on direct appeal. *Id.* at *3. As a result, the issue of whether Haycraft received ineffective assistance of trial counsel was barred by *res judicata*. In other words, the state courts did not consider Haycraft's arguments because of a state procedural rule. *See Allen*, 749 N.E.2d at 1166 (Ind. 2001) ("It is well-established that if a defendant claims on direct appeal that his trial counsel was ineffective, he may not raise further issues of trial counsel error during

7

post-conviction review."), *Smith*, 565 F.3d at 351 (quoting *Willis v. Aiken*, 8 F.3d 556, 561 (7th Cir. 1993) ("Where . . . the state court declined to review an issue that was not properly preserved, 'the state court decision rests upon a ground that is both independent of the federal question and adequate to support the judgment.'")).

In order to overcome this procedural hurdle, Haycraft must establish both cause and prejudice. *Smith*, 565 F.3d at 351. Although Haycraft does not make a formal cause and prejudice argument, he does imply that appellate counsel, himself, was ineffective in failing to raise these grounds on direct appeal. "[T]he assertion of ineffective assistance as a cause to excuse procedural default in a § 2254 petition, is, itself, a constitutional claim that must have been raised before the state court or be procedurally defaulted." *Smith*, 565 F.3d at 352 (quoting *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003)). Thus, Haycraft was required to raise this claim at every level of state court review during his post-conviction proceedings.

It appears that Haycraft did, in fact, argue in his petition for post-conviction relief that appellate counsel was ineffective in failing to address the "grooming testimony of Scarber" and the "testimony of an uncharged molestation charge." *Haycraft PCR*, 957 N.E.2d at *2. Both the trial court and the appellate court rejected his claims. (The Indiana Supreme Court also denied transfer.) In short, the Indiana Court of Appeals concluded that Haycraft failed to establish that appellate counsel was ineffective (i.e., that appellate counsel's performance fell below an objective standard of reasonableness). *Id.* at *4.

Although Haycraft raised the ineffective assistance of appellate counsel argument during his post-conviction proceedings and is thus able to establish cause, Haycraft fails to show (or even argue) that he suffered prejudice. Rather, the evidence used to convict Haycraft was far from circumstantial, and the State's case against Haycraft demonstrates that he did not suffer

prejudice. The jury heard from both A.M. and W.M. regarding the abuse. More importantly, law enforcement officials obtained a taped confession from Haycraft. This type of direct evidence is hard to defeat. As a result, Haycraft is unable to overcome the consequences of his procedural default with regard to his claim that trial counsel was ineffective for failing to object to Scarber's testimony and the introduction into evidence of a prior uncharged molestation allegation.

### C. Ineffective Assistance of Appellate Counsel

Lastly, Haycraft argues that appellate counsel was ineffective because he "waived the fair trial and insufficient evidence issues by failing to raise those known and available issues on direct appeal." Haycraft's Pet. at 4. Haycraft, however, does not specify the "fair trial" and "insufficient evidence" issues he believes appellate counsel should have raised. Rather, in support of his argument, Haycraft simply references (1) trial counsel's failure to object to the Government's use of an uncharged molestation conviction, (2) trial counsel's failure to object to Scarber's testimony, and (3) trial counsel's failure to object to the testimony of a child witness. *Id.* at 5. To the extent Haycraft argues that *appellate counsel* was ineffective in failing to argue that *trial counsel* was ineffective in these respects, the Court may consider the merits of his claim. In other words, unlike his other arguments, Haycraft's claim that appellate counsel was ineffective is not procedurally defaulted. Haycraft did, in fact, make these arguments in his petition for post-conviction relief and before the Indiana Court of Appeals. (And the Indiana Supreme Court denied transfer of his appeal.) Regardless, however, his argument still fails.

A petitioner "bears a heavy burden in establishing an ineffective assistance of counsel claim." *Dugan v. United States*, 18 F.3d 460, 463 (7th Cir. 1994) (citations omitted). To prevail on a claim of ineffective assistance of appellate counsel, the petitioner must show that appellate counsel's performance was "unreasonably deficient" and that this inadequacy resulted in

prejudice. *Id.* at 790. On the deficiency prong, the petitioner must show that counsel failed to present a significant and obvious issue on appeal. *See Smith v. Robbins,* 528 U.S. 259, 288 (2000). Counsel, however, "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id*. Where appellate counsel has presented some arguments on appeal but not others, it will be difficult to demonstrate that counsel was incompetent. *See id.* As to the prejudice prong, the petitioner must show "there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the . . . trial court would have been otherwise modified on appeal." *Howard,* 225 F.3d at 789-90.

Haycraft presents no evidence to suggest that appellate counsel's failure to argue on appeal that trial counsel's failure to object to the Government's use of an uncharged molestation conviction, to Scarber's testimony, and to the testimony of a child witness was deficient. Moreover, as noted above, Haycraft is unable to establish that he suffered prejudice, as the evidence used to convict him was overwhelming. Thus, Haycraft fails to show that appellate counsel's performance was constitutionally deficient.[4]

---

[4] In Haycraft's Reply, he argues for the first time that the state court "did not adequately provide a full and fair hearing" on his petition for post-conviction relief. Haycraft's Reply at 7-8. Haycraft failed to assert this argument in his petition for writ of habeas corpus or in his amended petition; thus, the argument is waived. Moreover, the asserted inadequacy of a post-conviction proceedings does not constitute a cognizable basis for relief under § 2254(a). *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.) ("[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief"), *cert. denied,* 519 U.S. 907 (1996), *Williams v. State,* 640 F.2d 140, 143-44 (8th Cir.) ("Infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. . . . Errors or defects in the state post-conviction proceeding do not, *ipso facto,* render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."), *cert. denied,* 451 U.S. 990 (1981).

## IV. CONCLUSION

For the foregoing reasons, Haycraft's petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Haycraft has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling[s]." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **DENIES** a certificate of appealability.

SO ORDERED: 11/12/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy to:**

**Farrell Haycraft**
**105690**
**Wabash Valley Correctional Facility**
**Electronic Service Participant – Court Only**

Copies to all counsel of record via electronic communication.